FILED
2016 Dec-14  PM 01:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| WALTER DWAYNE MCGOWAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 7:16-cv-01371-VEH-JEO |
| | ) | |
| JAMES C. GUIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

The magistrate judge filed a report on October 12, 2016, recommending that this action filed pursuant to 42 U.S.C. § 1983 be dismissed without prejudice for failing to state a claim upon which relief may be granted, and for seeking monetary relief from defendants who are immune from such relief pursuant to 28 U.S.C. § 1915A(b). (Doc. 8). The plaintiff has filed objections to the report and recommendation. (Doc. 11).

As he did in his complaint, the plaintiff asserts he "did not have the requisite amount of drugs in" his "possession to constitute trafficking," and therefore has been "over charged." (*Id.* at 1). He reiterates his belief that his bond is unconstitutionally "excessive" in that the amount is disproportionate to his crime. (*Id.*). Unlike his complaint, the plaintiff expresses his feeling that Judge James C. Guin and District Attorney Pickett are biased against him. (*Id.*). For relief, the plaintiff requests only that his bond be reduced or the charges lower or dismissed. (*Id.*). He expressly

withdraws his demand for monetary damages.  (*Id.*).

Finally, the plaintiff requests that he be allowed to pay the remainder of the filing fee with "check[s] from home instead of checks in the amount of 20% from" his "inmate account on the grounds" that he has another civil rights case pending in this court. (*Id.*).  He declares "they are taking 40% from" his "account and" he "cannot manage." (*Id.*)     Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the magistrate judge's report is hereby **ADOPTED** and the recommendation is **ACCEPTED**.

Monetary damages aside, the plaintiff still cannot state a claim upon which relief can be granted since it is well established that a federal court will not interfere with ongoing state criminal proceedings except under extraordinary circumstances.  *See Redner v. Citrus County, Florida*, 919 F.2d 646, 649 (11th Cir. 1990) ("A state's trial and appeals process is considered 'a unitary system,' and *Younger* [*v. Harris*, 401 U.S. 37 (1971)] prevents a federal court from disrupting the process[.]") (alterations supplied).  The plaintiff's conclusory feeling about judicial bias and his complaints of being overcharged and subjected to excessive bail are not extraordinary circumstances meriting federal interference.  The plaintiff can have utilize state court procedures to address these issues and challenge the cases against him.  Moreover, a petition for writ

of habeas corpus, not a civil rights lawsuit,  is "the proper means of challenging . . . confinement and seeking release." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

Therefore, in accordance with 28 U.S.C. § 1915A(b)(1) this action is due to be dismissed without prejudice for failing to state a claim upon which relief may be granted.  The plaintiff's request for permission to make payments toward the filing fee by way of personal check is **DENIED**.  The plaintiff signed Prisoner Consent Forms to pay the filing fees in his civil rights cases in the manner set out in the form itself. Pursuant to that form and 28 U.S.C. 1915(b)(2), the filing fee must be collected from the plaintiff's jail account.  If the plaintiff believes the Tuscaloosa County Jail is withdrawing funds from his account in excess of the amount required, he is encouraged to contact the appropriate officials regarding the matter.

A Final Judgment will be entered.

**DONE** this the 14th day of December, 2016.

VIRGINIA EMERSON HOPKINS
United States District Judge